ORIGINAL

James Pirtle, *pro se*, 94-
629 Heainoa Pl.
Waipahu, Hawaii 96797
808-330-4308

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 17 2022
at 2 o'clock and 30 min. P M
John A. Mannle, Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| James Pirtle, *pro se*, | ) Case No: CV22-00381-JMS-WRP |
| Plaintiff, | ) PLAINTIFF'S OPPOSITION MEMORANDUM T |
| | ) DEFENDANT'S MOTION TO |
| v. | ) DISMISS, AND PLAINTIFF'S COUNTER |
| | ) MOTION FOR SUBMITTAL INTO |
| Scott Nago, in his official | ) EVIDENCE UNDESTROYED "BALLOTS" |
| capacity as Chief Election Officer of | ) AND "VOTING SYSTEM" USED IN THE |
| the State of Hawaii, | ) 2020 GENERAL ELECTION WITH |
| | ) REQUEST FOR ORDER OF INJUNCTION |
| Defendant. | ) OF ALL "BALLOTS" AND "VOTING SYSTEM" |
| ______________________________ | ) IN THE 2022 GENERAL ELECTION |

JUDGE: MICHAEL J. SEABRIGHT

I.

**PLAINTIFFS OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION TO DISMISS, AND PLAINTIFF'S COUNTER MOTION FOR SUBMITTAL INTO EVIDENCE UNDESTROYED "BALLOTS" AND "VOTING MACHINES USED" IN 2020 GENERAL ELECTION WITH REQUEST FOR ORDER OF INJUNCTION OF ALL "BALLOTS" AND "VOTING SYSTEM" IN THE 2022 GENERAL ELECTION**

---

Pursuant to Rules of Civil Procedure the Plaintiff moves the court to DENY the MOTION TO DISMISS WITH PREJUDICE OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT from Defendant's council and respectfully requests this court follow Rules Of Evidence 201(e) and allow the Plaintiff to be heard. Respectfully the alleged grounds for the Motion to Dismiss under 12 (b)(1), 12(b)(6), and Rule 56 are based on presumptions, assumptions, are not based in equity, and as stated before, "Statements of Council are not sufficient for a Motion to Dismiss".

All assumptions of council must be dismissed for lack of standing.

**A. STATUTES AND LEGISLATIVE HISTORY**

In reference to Defendant's council, the following is a summary of election statutes and relevant legislative history Defendant's council notates in Defendant's motion to dismiss.

## 1. <u>CHIEF ELECTION OFFICER OF THE STATE OF HAWAII</u>

As stated in Defendant's declaration of SCOTT NAGO (Line 1). Defendant declares he is the Chief Election Officer of the State of Hawaii.

HRS 11-1.6 (b) "The person appointed to be chief election officer shall be a citizen of the United States, a resident of the State, and a registered voter of the state".

As quoted above in reference to Hawaii Revised Statute TITLE 2, the chief election officer is required to be a citizen of the United States, a resident of the State, and a registered voter.

## US CONST AMEND XIV Section 1

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

**SC CONST ART VI.**

**SECTION 5. Form of oath.**

Members of the General Assembly, and all officers, before they enter upon the duties of their respective offices, and all members of the bar, before they enter upon the practice of their profession, shall take andpoling subscribe the following oath: "I do solemnly swear (or affirm) that I am duly qualified, according to the Constitution of this State, to exercise the duties of the office to which I have been elected, (or appointed), and that I will, to the best of my ability, discharge the duties thereof, and preserve, protect, and defend the Constitution of this State and of the United States. So, help me God."

**US CODE TITLE 18**

**SECTION 595**

"Interference by administrative employees of Federal, State, or Territorial Governments. Whoever, being a person employed in any administrative position by the United States, or by any department or agency thereof, or by the District of Columbia or any agency or instrumentality thereof, or by any State, Territory, or Possession of the United States, or any political subdivision, municipality, or agency thereof, or agency of such political subdivision or municipality (including any corporation owned or controlled by any State, Territory, or Possession of the United States or by any such political subdivision, municipality, or agency), in connection with any activity which is financed in whole or in part by loans or grants made by the United States, or any department or agency thereof, uses his official authority for the purpose of interfering with, or affecting, the nomination or the election of any candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, shall be fined under this title or imprisoned not more than one year, or both.

**1. <u>ACT 136, Session Laws of Hawaii 2019</u>**

Defendant's Counsel quotes ACT 136 Hawai'i Session Laws of Hawai'i 2019 stating that, "the Legislature explained that the implementation of vote-by-mail would significantly reduce the logistical issues related to conducting elections at polling

places." There is no text in this act stating the protections of voters' rights under the United States Constitution.

SECTION 5. Section §111-4, Hawaii Revised Statutes, is amended to read as follows: "§11-4 Rules [and regulations]. The chief election officer may make, amend, and repeal [such] rules [and regulations] governing elections held under this title, election procedures, and the selection, establishment, use, and operation of all voting systems now in use or to be adopted in the State, and all other similar matters relating thereto as in the chief election officer's judgment shall be necessary to carry out this title. In making, amending, and repealing rules [and regulations] for voters who cannot vote [at the polls] in person or receive or return ballots by mail, and all other voters, the chief election officer shall provide for voting by [such] these persons in [such] a manner [as to insure] that ensures secrecy of the ballot and [to preclude] precludes tampering with the ballots of these voters and other election frauds. [Such] The rules [and regulations], when adopted in conformity with chapter 91 and upon approval by the governor, shall have the force and effect of law."

§11-A Elections eligible to be conducted by mail. Beginning with the 2020 primary election, all elections shall be conducted by mail in accordance with this title. §11-B Procedures for conducting elections by mail. (a) Ballot packages for elections by mail shall include: (1) An official ballot; (2) A return identification envelope with postage prepaid; (3) A secrecy envelope or secrecy sleeve; and (4) Instructions. (b) To the extent practicable, the clerk shall mail a ballot package by non-forwardable mail to each registered voter in the county to enable voters to receive the ballot package

approximately eighteen days before the election. The clerk shall continue mailing ballot packages to voters who update their voter registration address no later than fourteen days before the date of the election. In determining the initial mailing date of the ballot packages, the clerk shall consider the mailing place of origin and the most recent postal service delivery standards. The clerk shall not mail a ballot package to any voter in the county register who is identified as having an outdated or non-deliverable mailing address. Nothing in this part shall be construed to change the responsibilities of the clerk or chief election officer under chapter 15D with respect to uniform military and overseas voters. (c) The clerks shall determine and provide for voter service centers

and places of deposit pursuant to this part and section 11-92.1

**§11-152 Method of counting**

1. (b) For votes cast using the electronic voting system, the ballots shall be taken in the sealed ballot containers to the counting center according to the procedure and schedule adopted by the chief election officer to promote security of the ballots. For all votes cast in an election, in the presence of official observers, counting center employees may start counting the ballots before election day, as

specified in section 11-H."

§11-153 More or Fewer ballots than recorded.

(a) If there are more ballots than documented usage indicates, this shall be an overage and if fewer ballots it shall be an underage. The election officials or counting center employees responsible for the tabulation of ballots shall make a note of this fact on a form to be provided by the chief election officer. The form recording the overage or underage shall be sent to the chief election officer or the clerk in the county elections separate from other election records.

(b) If the electronic voting system is being used in an election, the overage or underage shall be recorded after the tabulations of ballots. In an election using paper ballot voting system, the chief election officer or chief election officer designee shall proceed to count the votes cast for each candidate or on question

after recording the overage or underage.

(c)The chief election officer or the clerk shall make a list of all districts in which an overage or underage occurred and the amount of overage or underage. This shall be filed and kept as public record in the office of the chief election officer or

the clerk in county elections.

An election contest may be brought under part XI if the overage and underage in any district could affect the outcome of an election.

SECTION 24. Section §111-157 Hawaii Revised Statutes is amended to read as follows: §111-157 "In case of a tie. In case of the failure of an election by reason of the equality of vote between two or more candidates, the tie shall be decided by the chief election officer or clerk in case of county elections".

§11-G Electronic transmission under certain circumstances. (a) If a ballot package is not received by a voter by the fifth day before the date of the election or a voter otherwise requires a replacement ballot within five days of an election, the voter may request that a ballot be forwarded by electronic transmission; provided that a voter with special needs may request that a ballot be forwarded by electronic transmission at any time. Upon receipt of such a request and confirmation that proper application was made, the clerk may transmit the appropriate ballot, together with a form containing the affirmations, information, and a waiver of the right to secrecy under section 11-137. (b) The voter may return the completed replacement ballot and executed forms: (1) By electronic transmission so that the completed replacement ballot and executed forms are received at the office of the clerk no later than the closing time provided in section §11-131 on the date of the election; (2) By mail so that the completed replacement ballot and executed forms are received at the office of the clerk no later than the closing time provided in section §11-131 on the date of the election; 2019 Session Laws MB.indd 477 FINAL 7/29/2019 4:06:52 AM478 ACT 136 (3) By personal delivery to any place of deposit no later than 7:00 p.m. on the date of the election; provided that any voter who is standing in line at a place

of deposit at 7:00 p.m. on the date of the election with the intent of returning a ballot and casting a vote shall be allowed to vote; or (4) By personal delivery to a voter service center no later than the closing time provided in section §11-131 on the date of the election; provided that any voter who is standing in line at a voter service center at the closing time provided in section §11-131 on the date of the election with the intent of returning a ballot and casting a vote shall be allowed to vote. (c) Upon receipt, the clerk shall verify compliance with the requirements of this part; provided that if the voter returns multiple voted ballots for the same election, the clerk shall prepare only the first ballot returned that is not spoiled

**SC CONST ART II,**

**SECTION 1**

SECTION 1." Elections to be by secret ballot; protection of right of suffrage. All elections by the people shall be by secret ballot, but the ballots shall not be counted in secret. The right of suffrage, as regulated in this Constitution, shall be protected by laws regulating elections and prohibiting, under adequate penalties, all undue influence from power, bribery, tumult, or improper conduct".

The United States Constitution is the supreme law of the land, and any statute, to be valid, must agree. It is impossible for a law which violates the Constitution to

be valid. Succinctly stated as follows, "all laws which are repugnant to the Constitution are null and void." *Marbury vs. Madison* (1803).

[Attached is ACT 136 HAWAII SESSIONS LAW 2019 "N"].

**2. <u>Mail-In Ballots</u>**

**SECTION 4. Hawaii Revised Statutes is amended as follows:**

SECTION 4. Section §11-1, Hawaii Revised Statutes, is amended as follows: 1. By adding five new definitions to be appropriately inserted and to read:

2. By amending the definition of "ballot" to read: ""Ballot" [,] means a ballot, including an absentee ballot, that is a written or printed, or partly written and partly printed paper or papers containing the names of persons to be voted for, the office to be filled, and the questions or issues to be voted on. "Ballot" includes a ballot used in an election by mail pursuant to part, including a ballot approved for electronic transmission. A ballot may consist of one or more cards or pieces of paper, or one face of a card or piece of paper, or a portion of the face of a card or piece of paper, depending on the number of offices, candidates to be elected thereto, questions or issues to be voted on, and the voting system in use. [It shall also include the face of the mechanical voting machine when arranged with cardboard or other material within the ballot frames, containing the names of the candidates and questions to be voted on.]" 3. By amending the definition of "election officials" to read: ""Election officials" [, precinct officials and other] means persons designated as officials by the chief election officer." 4. By amending the definition of "voting system" to read: ""Voting system" [,] means the use of paper ballots, electronic [ballot cards,] transmission, voting machines, elections by mail pursuant to part, absentee voting pursuant to chapter 15, or any system by which

votes are cast and counted."

The above Hawaii Revised Statute states that Defendant has changed definitions by capitalizing "ballot" to "Ballot". By changing this word to capitalize "B" Defendant has also changed the definition of what "ballot" means, in order to justify the transition from in person voting to mail-in-ballot procedures Defendant has also changed "voting system" to "Voting system" to read: 4. "By amending the definition of "voting system" to read: ""Voting system"[,] means the use of paper ballots, electronic [ballot cards,] transmission, voting machines, elections by mail pursuant to part , absentee voting pursuant to chapter 15, or any system by which votes are cast and counted." for the State of Hawaii in both county and federal elections.

## A. RESPONSE TO: "PLAINTIFF'S COMPLAINT"

Defendant's counsel acknowledges Plaintiffs TRO that was filed on August 31st, 2022. Defendant's counsel quotes "FRCP RULE 65 (b)(1)(A) and (B), failure to demonstrate a likelihood of success on the merits, and lack of standing". For which Plaintiff's TRO was denied. Subsequently Defendant has not destroyed the 2020 election ballots as stated in "DEFENDANTS SEPARATE AND CONCISE STATEMENT OF FACT" (3) and "DECLARATION OF SCOTT NAGO" (2). Plaintiff respectfully compels the court to motion Defendant to submit 2020 election ballots into evidence pursuant to "Rules of Evidence 201(e)" as the 2020 ballots were specifically mentioned in Plaintiffs TRO as "EVIDENCE." Plaintiff also respectfully compels this court to motion Defendant to submit "Voting system" used in the 2020 election into evidence. Without both the 2020 general election "BALLOTS" and "Voting system" neither the Order by Judge Michael J. Seabright "DENYING" Plaintiff's TRO, nor the assumptions of Defendant's counsel can be proven or disproven regarding "FRCP RULE 65 (b)(1)(A) and (B) and RULE 56.

Defendant's counsel quotes from Plaintiff's complaint "Plaintiff further asserted the Defendant "neglected to fulfill this obligation to propose ' legislature to clarify and make consistent 11, 12, 15, 15D, 16, and 19, Hawaii Revised Statutes, in light of transition to statewide election by mail."

[ Attached is the affidavit of Marina Poling submitted as EXHIBIT J.]

Defendants counsel quotes Plaintiff's complaint "Trapdoor Mechanism". Neither Defendants counsel nor Defendant can disprove in Plaintiff's complaint EXHIBIT G the Declaration of Terpsehore Maras, filed under the penalty of perjury on December 1st,

2020. Therefore, they quote that the declaration of Terpsehore Maras is in the District Court for the Eastern District of Wisconsin. Plaintiff would like it known for the record this mentioned declaration is in multiple District Courts not just the Eastern District of Wisconsin.

## II. IN RESPONSE TO DEFENDANTS: STANDARD OF REVIEW

### A. OPPOSITION TO RULE 12(b)(1)

Court has subject matter jurisdiction in respect to the fact that Defendant has received federal grant money from the Help America Vote Act. The Help America Vote Act is a federal elections program with oversight in state and federal elections. This use of federal grant money by the Defendant constitutes a federal interest in this case as the money used is not generated by the State of Hawaii but is granted to the State of Hawaii by the United States Federal Government.

Further US CODE TITLE 28

SECTION 1331

Federal question

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States".

*[Attached is the Defendants signed document titled "2018 HAVA Election Security Grant State of Hawaii Program Narrative" submitted as EXHIBIT I]*

Court also has subject matter jurisdiction on the grounds that the election in question which was in 2020 was an election for the "President of The United States of America". Which is the highest elected position in the United States Federal Government.

**B. <u>OPPOSITION TO RULE12(b)(6)</u>**

"[The court] must accept the allegations of the complaint as true, and if, under any theory the allegations are sufficient to state cause of action in accordance with the law, [the court] must deny the motion to dismiss." *Vartarian v. Monsanto co. 14 F.3d 697, 700 (1st Cir. 1994).* In evaluating a Rule 12(b)(6) motion, the court is obligated "construe the complaint in the light most favorable to the Plaintiff, taking all [of Plaintiffs] allegations as true and drawing all reasonable inference from the complaint in [the Plaintiff's] favor." *Doe v. United States, 419 F.3d 1058, 1062 99th Cir. 2005).*

## III. <u>RESPONSE TO DEFENDANTS: "ARGUMENT"</u>

Defendant's counsel acknowledges Plaintiffs TRO that was filed on August 31st, 2022. Defendant's counsel quotes FRCP RULE 65 (b)(1)(A) and (B), "failure to demonstrate a

likelihood of success on the merits, and lack of standing". For which Plaintiff's TRO was denied. Defendant has declared that he has not destroyed the 2020 election ballots as stated in DEFENDANTS SEPARATE AND CONCISE STATEMENT OF FACT (3) and DECLARATION OF SCOTT NAGO (2). Plaintiff respectfully compels the court to motion Defendant to submit 2020 election "Ballots" into evidence pursuant to Rules of Evidence 201(e) as the 2020 "Ballots" where specifically mentioned in Plaintiffs TRO as "EVIDENCE." Plaintiff also respectfully compels this court to motion Defendant to submit "Voting system**" "Hart** Intercivic system 6.2.1" used in the 2020 election into evidence as the 2020 ballots cannot be properly adjudicated without "Voting system" from the 2020 election. Without both the 2020 election "Ballots" and "Voting system" neither the Order by Judge Michael J. Seabright nor the assumptions of Defendants counsel can be proven or disproven pursuant to "FRCP RULE 65 (b)(1)(A) and (B) and Rule 56".

Response to the motion to dismiss pursuant to Rule 56. Rule 56.2 "Affidavits or declaration used to support all polls in motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the officiant or declarant is competent to testify on the matters stated.

*[ Attached is the declaration of Dennis Montgomery submitted as EXHIBIT J*

*Also attached is the Declaration of Alex J. Halderman L*

**A. <u>ARTICLE III STANDING</u>**

Plaintiff has article III standing regarding the following.

1. The "Injury in fact" is caused by the Defendants apparent oversight in ACT 136 Hawaii Session Laws 2019: (a) line 10-11: "All handling and counting of ballots shall be conducted in accordance with procedures established by the chief election officer."
2. Having not explicitly stated in plain-text-language any constitutional rights or protections to the Plaintiff regarding the accuracy of his ballot being counted, or how to ensure his ballot was cast as he had casted it.
3. SC CONST ART II,

SECTION 1

SECTION 1. "Elections to be by secret ballot; protection of right of suffrage. All elections by the people shall be by secret ballot, but the ballots shall not be counted in secret. The right of suffrage, as regulated in this Constitution, shall be protected by laws regulating elections and prohibiting, under adequate penalties, all undue influence from power, bribery, tumult, or improper conduct".

4. Further there is no plain-text-language explicitly stating secrecy procedures to protect Plaintiff's selections on his "Ballot" nor his personal identifying information. Further this is an excerpt from Act 136 Hawaii Session Laws 2019: (d) "Once a voter has returned a return identification envelope containing the secrecy envelope or secrecy sleeve with the marked ballot, that voter's ballot shall be deemed cast and may not be recast in the election."

No processes to remedy any issues or discrepancies have been written into the current ACT 135 Hawaii Sessions Law 2019 being enacted by Defendant.

5. Plaintiff has standing under the "redressed for favorable decision" in respect to AMENDMENT X OF THE UNITED STATES CONSTITUTION: "The powers not delegated to the United States by the constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the PEOPLE."

**A. <u>THE ELEVENTH AMENDMENT AND SOVEREIGN IMMUNITY PRECLUDE PLAINTIFF'S CLAIM</u>**

HRS 11-1.6 (b) "The person appointed to be chief election officer shall be a citizen of the United States, a resident of the State, and a registered voter of the state".

As quoted above in reference to Hawaii Revised Statute TITLE 2, the chief election officer is required to be a citizen of the United States, a resident of the State, and a registered voter.

These qualifications do not assert the defense of Defendants counsel claiming the Defendant's right to the eleventh amendment in fact does the total opposite. Nowhere in Hawaii Revised Statutes TITLE 2, nor in ACT 136 Hawaii Sessions Law does it explicitly state "the chief election officer of the state of Hawaii is protected under the eleventh amendment or sovereign citizen claims". What HRS TITLE 2 does say is that the chief election officer must be a resident in the state in which he is being the chief election officer for and that he is a registered voter, and a citizen of the United States of America. The claims of Defendants counsel are false. Exception to amendment immunity, "private individuals may sue state officials in federal court for prospective relief from ongoing violations for federal law". *Ex parte Young*

**B. <u>PLAINTIFF'S CLAIM UNDER THE EQUAL PROTECTION, DUE PROCESS,</u>**

**<u>AND GUARANTEE CLAUSES OF THE US CONSTITUTION</u>**

Plaintiff immediately requests an immediate injunction on use of all "Ballots" and "Voting system" "Hart Intercivic system 6.2.1" as stated in Act 136 Hawaii Session 2019 for violations of the United States Constitution

**US CONST AMEND XIV Section 1**

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Plaintiff requests investigation into Act 136 Hawaii sessions law 2019 for violation of the United States Constitution regarding elections and suspension of all procedures regarding Act 136 sessions law 2019 when any federal funds or federal agencies are involved.

No text in ACT 136 gives mention of any UNITED STATES CONSTITUTIONAL RIGHTS AND PROTECTIONS afforded to citizens of the State of Hawaii who are United States citizens by birth or citizenship. Plaintiff's claim for protection is that ACT 136 is a violation of the UNITED STATES CONSTITUTION and abridges the voting rights of all citizens of the State of Hawaii. Under AMENDMENT I the Defendant has deprived the Plaintiff of his right to redress of grievance in. By not affording any plaintext-language in ACT 136 Hawaii Session Law 2019 Defendant has not afforded Plaintiff remedy of all discrepancies regarding Plaintiff's vote.

Also, by Defendant's motion to dismiss with prejudice the Defendant also denies Plaintiff's AMENDMENT V right as Defendant's motion serves as a, "[deprivation] of liberty... without due process of law." With regard to HRS Section §11-110(b)(1)(A), in Section 5 HRS §11-4, "the Chief Election Officer may make, amend, and repeal rules governing elections held under this title, election procedures, and the selection, establishment, use, and operation of all voting systems now in use or to be adopted in the State, and all similar matters relating thereto as in the Chief Election officer's judgment shall be necessary to carry out this title." Defendant's Counsel quoting Defendant's statement that Defendant is not responsible for the mailing and receipt of election ballots falls upon the county is untrue. As stated in HRS §11-4, Defendant is the authority for all matters with respect to elections and its procedures in the State of Hawai'i. Defendant has full oversight of county clerks and their procedures regarding elections in the State of Hawai'i.

**D. IN RESPONSE TO:" PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH**

**RELIEF CAN BE GRANTED"**

Regarding Defendant's statement concerning Exhibit G, Plaintiff respectfully requests the court honor Rules of Evidence 201 (e) Opportunity to Be Heard. "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard."

Furthermore, Plaintiff's complaint states his claim for relief by moving the court to place an injunction on all "Voting system" scheduled to be used in the 2022 election and motioning Defendant to produce the 2020 general election "Ballots" in which the Defendant, in his DECLARATION OF SCOTT T. NAGO states in Paragraph 2, "The 2020 General Election ballots have not been destroyed."

To quote Plaintiff's original complaint under "PRAYER FOR RELIEF".

"Temporarily restrain, as well as preliminarily and permanently enjoin, Defendant from destroying, altering or otherwise changing any or all voting machines, software, peripherals, and other data and equipment used to cast, examine, count, tabulate, modify, store, or transmit votes or voting data in the November 2020 elections held in Hawaii and which are planned to be used in the same manner in the upcoming November 2022 elections to be held in Hawaii. Order Defendant to preserve in their current state all paper ballots, voting machines, software, peripherals, and other data and equipment used to cast, examine, count, tabulate, modify, store, or transmit votes

or voting data in the November 2020 elections held in Hawaii and which are planned to be used in the same manner in the upcoming November 2022 elections to be held in Hawaii.

Verify chain of custody of ballots at every stage of transportation and handling.

Ensure ballot tracking is in place for the 2022 elections, in coordination with the United States Postal Service.

Provide the Hawaii citizenry with detailed protocols of how the ballot chain of custody and tracking will be secured."

Further Plaintiff requests United States Constitutional codes be honored by this court.

US CODE TITLE 18

SECTION 595

Interference by administrative employees of Federal, State, or Territorial Governments.

Whoever, being a person employed in any administrative position by the United States, or by any department or agency thereof, or by the district of Columbia or any agency or instrumentality thereof, or by any State,

Territory, or Possession of the United States, or any political subdivision, municipality, or agency thereof, or agency of such political subdivision or

municipality (including any corporation owned or controlled by any State, Territory, or Possession of the United States or by any such political subdivision, municipality, or agency), in connection with any activity which is financed in whole or in part by loans or grants made by the United States, or any department or agency thereof, uses his official authority for the purpose of interfering with, or affecting, the nomination or the election of any candidate for the office of President, Vice President, Presidential elector, Member of the Senate, Member of the House of Representatives, Delegate from the District of Columbia, or Resident Commissioner, shall be fined under this title or imprisoned not more than one year, or both.

Order the State of Hawaii to immediately stop the use of election machines and to reconfigure elections to be held exclusively with paper ballots, and

Such relief is just and proper.

## V. <u>Conclusion</u>

Plaintiff respectfully requests the court honor all requests stated in this document, and

to allow this case to run its full course to trial.

DATED: Honolulu, Hawai'i, October 16, 2022

JAMES PIRTLE, pro se,

Plaintiff