HOLLY T. SHIKADA 4017
Attorney General of Hawaiʻi

PATRICIA OHARA 3124
REESE R. NAKAMURA 4822
JENNIFER H. TRAN 11590
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaiʻi 96813
Telephone: (808) 586-0618
Fax: (808) 586-1372

Attorneys for Defendant
Scott Nago, Chief Election Officer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES PIRTLE, pro se,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT NAGO, in his official capacity as Chief Election Officer of the State of Hawaii,<br><br>Defendant. | CASE NO. CV22-00381-JMS-WRP<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION TO DISMISS, AND PLAINTIFF'S COUNTER MOTION FOR SUBMITTAL INTO EVIDENCE UNDESTROYED "BALLOTS" AND "VOTING SYSTEM" USED IN THE 2020 GENERAL ELECTION WITH REQUEST FOR ORDER OF INJUNCTION OF ALL "BALLOTS" AND "VOTING SYSTEM" IN THE 2022 GENERAL ELECTION FILED OCTOBER 17, 2022<br><br><u>HEARING</u>:<br>Date: November 7, 2022<br>Time: 8:30 a.m.<br>Judge: Honorable J. Michael Seabright<br>Trial: Not set |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION TO DISMISS, AND PLAINTIFF'S COUNTER MOTION FOR SUBMITTAL INTO EVIDENCE UNDESTROYED "BALLOTS" AND "VOTING SYSTEM" USED IN THE 2020 GENERAL ELECTION WITH REQUEST FOR ORDER OF INJUNCTION OF ALL "BALLOTS" AND "VOTING SYSTEM" IN THE 2022 GENERAL ELECTION FILED OCTOBER 17, 2022**

Defendant SCOTT NAGO, in his official capacity as Chief Election Officer of the State of Hawaii (hereinafter "Defendant"), by and through his attorneys HOLLY T. SHIKADA, Attorney General of Hawaiʻi, and PATRICIA OHARA, REESE R. NAKAMURA, and JENNIFER H. TRAN, Deputy Attorneys General, hereby submits his Reply to Plaintiff's Opposition Memorandum to Defendant's Motion to Dismiss, and Plaintiff's Counter Motion for Submittal into Evidence Undestroyed "Ballots" and "Voting System" used in the 2020 General Election with Request for Order of Injunction of All "Ballots" and "Voting System" in the 2022 General Election filed on October 17, 2022 ("Reply").

Plaintiff's opposition memorandum and counter-motion fail to support his claim because: (1) Plaintiff has failed to show that he has Article III standing; (2) Defendant is afforded Eleventh Amendment and sovereign immunity protections; (3) Plaintiff was not denied Equal Protection, Due Process; Defendant did not violate the Guaranteed Clause; (4) Plaintiff is not entitled to a preliminary injunction; and (5) Plaintiff is not entitled to ballots or related voting material.

For the reasons set forth in Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice, or in the Alternative, Motion for Summary Judgment filed on September 20, 2022 ("Motion to Dismiss") and below, Defendant respectfully requests that this Court grant his Motion to Dismiss. If this Court finds that matters outside the pleadings are present and are not excluded, Defendant alternatively requests that this Reply be read in support as a Motion for Summary Judgment and be disposed of in accordance with Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP").

## I. ARGUMENT

### A. NEITHER PLAINTIFF'S OPPOSITION MEMORANDUM NOR HIS COUNTER MOTION SUPPORT A FINDING THAT HE IS ENTITLED TO THE RELIEF SOUGHT

Although Plaintiff's opposition memorandum and counter motion cites to various constitutional amendments and state statutes,[1] Plaintiff is unable to show that he is entitled to the relief sought.

#### 1. Plaintiff Still Has Not Shown Article III Standing

Plaintiff does not have standing to sue in federal court when all he can show is his disagreement with how elections are run. As previously stated in our Motion to Dismiss, Article III standing requires the satisfaction of three elements: (1) an

[1] We note that Plaintiff also includes a reference to the Article VI, § 5 of South Carolina Constitution concerning the form of oath required for various officials. *Id.* at 4.

"injury in fact" that is concrete and particularized and "actual or imminent;" (2) causation; and (3) a likelihood of redressability by a favorable decision. *See* Dkt. 10-1, at 16–17. Plaintiff's opposition memorandum and counter motion does not provide any support for the contention that the harm suffered by Plaintiff was not anything more than a "generalized grievance" shared by a general class of citizens. *See* Dkt. 14, 19–21. Moreover, Plaintiff fails to provide any explanation as to the causal connection between Defendant's actions with such harm and how that harm could be redressed by a favorable decision. *See id.*

Further, Plaintiff's statement concerning the lack of "plain-text-language" of constitutional rights or protections and secrecy procedures is misplaced and unsupported as such rights are already enshrined in the Hawaiʻi State Constitution. *See id.* at 20; Haw. Const. art. 2. We also note that Plaintiff's citation to the Tenth Amendment does not indicate how his harm would be redressed by a favorable decision. *See id.* at 21. Accordingly, Plaintiff lacks Article III standing to bring this suit.

### 2. Defendant is Afforded Protections by the Eleventh Amendment and Sovereign Immunity

As mentioned previously in our Motion to Dismiss, the Eleventh Amendment protects Defendant, who is a state official acting in his official capacity, from state law claims asserted in federal court. Dkt. 10-1 at 13–14.

Plaintiff mistakenly argues that the Eleventh Amendment and sovereign immunity are inapplicable here because "[n]owhere in [HRS] TITLE 2, nor in ACT 136 Hawaii Sessions Law does it explicitly state 'the chief election officer of the state of Hawaii is protected under the eleventh amendment or sovereign citizen claims." *See* Dkt. 14 at 22.

However, federal constitutional amendments exist independent of state statutes and sovereign immunity applies in this matter because the State has not consented to this suit in federal court. Although Plaintiff quotes the *Ex Parte Young* exception to Eleventh Amendment immunity, he misunderstands that such exception only applies to cases where the State is not a real, substantial party in interest. *See* Dkt. 14 at 22.

Here, the State through Defendant is a real party in interest because any judgment from this Court would in effect "interfere with the public administration" or "restrain the Government from acting, or to compel it to act." *See* Dkt. 10-1 at 19–20 (quoting *Cent. Rsrv. Life of N. Am. Ins. Co. v. Struve*, 852 F.2d 1158, 1161 (9th Cir. 1988). Thus, the Eleventh Amendment and sovereign immunity shield Defendant from this suit.

### 3. Plaintiff Has Not Shown a Denial of Equal Protection, Due Process, or a Violation of the Guarantee Clause

Defendant maintains that Plaintiff has not shown any evidence of disparate or unfair treatment as it relates to mail-in ballots, or shown that acceptable garden

variety election irregularities violate due process. *See id.* at 21–24. As we understand Plaintiff's opposition memorandum, he contends that a lack of plain-text language in Act 136 mentioning constitutional rights and protections coupled with Defendant's Motion to Dismiss deprived him of due process. *See* Dkt. 10-1 at 24. However, such arguments lack merit and as we have previously stated, such rights are protected by the Hawaiʻi State Constitution. *See generally* Haw. Const. art. 2. Because Plaintiff has not shown that he was denied equal protection, due process, or that the Defendant violated the Guarantee Clause, this matter should be dismissed.

## B. PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

Plaintiff appears to be requesting that a preliminary injunction be granted for the same reasons and relief stated in his original Complaint and Ex Parte Motion for TRO, which has already been denied. *See* Dkt. 14 at 25; Dkt. 1 at 9; Dkt. 7 at 2; Dkt. 8 at 12. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (internal citations omitted). "A preliminary injunction may also be

appropriate if a movant raises 'serious questions going to the merits' and the 'balance of hardships . . . tips sharply towards' it, as long as the second and third Winter factors are satisfied." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Additionally, the "[l]ikelihood of success on the merits 'is the most important' Winter factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors, in the absence of 'serious questions going to the merits[.]" *Id.* (internal citations omitted). "[O]nce the moving party has carried its burden of showing a likelihood of success on the merits, the burden shifts to the non-moving party to show a likelihood that its affirmative defense will succeed." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007) (citing *Gonzales v. O Centro Espirita Beneficiente Uniao do Vegetal*, 546 U.S. 418, 429 (2006)).

Plaintiff does not meet the requirements for a preliminary injunction because Plaintiff has not shown a likelihood of success on the merits, irreparable harm, that the balance of equities tips in his favor, or that an injunction is in the public interest. *See Winter*, 555 U.S. at 20.

### C. PLAINTIFF'S REQUEST TO ENTER BALLOTS AND RELATED VOTING MATERIAL SHOULD BE DENIED

Plaintiff also asserts multiple times that he "compels the court to motion Defendant to submit 2020 election ballots" along with "'voting system' used in the

2020 election into evidence." Dkt. 14, at 14, 19. Such statements without more does not entitle Plaintiff to these materials.

Hawaii Revised Statutes ("HRS") § 11-154 provides:

> The voted ballots shall be kept secure and handled only in the presence of representatives not of the same political party or official observers in accordance with rules adopted for the various voting systems. *After all the ballots have been tabulated they shall be sealed in containers. Thereafter, these containers shall be unsealed and resealed only as prescribed by rules governing elections.*
> *The ballots and other election records may be* ***destroyed by the chief election officer or clerk*** *when all elected candidates have been certified by the chief election officer, or in the case of candidates for county offices, by the clerk and after compliance with retention schedules of applicable federal law.*

HRS § 11-154 (emphases added).

Further, HRS § 11-154 only allows for ballot sealing in accordance with federal law, for up to twenty-two months, after the vote count certification. HRS § 11-154; *See also* Hawaii Administrative Rules ("HAR") § 3-177-757(i)("[t]*he containers or cabinets shall be sealed and stored for twenty-two months in accordance with federal law)*.

Upon the expiration of the twenty-two months, HRS § 11-154 authorizes the Chief Election Officer to destroy the ballots. *See id.* There is no provision within the statute that states that any other party, including the public, may be entitled to the disclosure of the ballots. *See id.* Accordingly, this Court should deny Plaintiff's request to enter ballots and related material into evidence.

## II. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant his Motion to Dismiss.

DATED: Honolulu, Hawaiʻi, October 24, 2022.

HOLLY T. SHIKADA
Attorney General of Hawaiʻi

/s/ REESE R. NAKAMURA
PATRICIA OHARA
REESE R. NAKAMURA
JENNIFER H. TRAN
Deputy Attorneys General

Attorneys for Scott Nago, in his official capacity as Chief Election Officer of the State of Hawaii